663 S.E.2d 496

**In the Matter of Michael David WOOD, Respondent.**

**No. 26513.**

Supreme Court of South Carolina.

Submitted June 3, 2008.

Decided June 30, 2008.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Michael David Wood, of Charleston, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to a confidential admonition or a public reprimand. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

## *Facts*

Respondent represented a client in a domestic matter. The client, who was living in the marital home, gave respondent an unopened package addressed to the client's spouse that had been delivered to the marital home. Respondent, without the knowledge or consent of the addressee, opened the package

and removed its contents. Immediately thereafter, respondent informed opposing counsel, who was present for an emergency hearing in the case, of his actions and allowed him to inspect the contents of the package. During the emergency hearing, respondent informed the court that he had opened the package and he presented the contents of the package to the court.

## *Law*

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 4.4 (a lawyer who receives a document relating to the representation of the lawyer's client and knows or reasonably should know that the document was inadvertently sent shall promptly notify the sender) and Rule 8.4 (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct, to engage in conduct involving dishonesty or to engage in conduct prejudicial to the administration of justice). Respondent further admits his misconduct constitutes grounds for discipline under Rule 7(a)(1)(it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct) and Rule 7(a)(5)(it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR.

## *Conclusion*

We find respondents misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.